## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARTIN EARL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION** |
| **v.** | ) |
| | ) **No. 11-2304-KHV/JPO** |
| **MICHALA RUECHEL,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Martin Earl brings suit <u>pro se</u> against Michala Ruechel, a judge on the Superior Court of Navajo

County, Arizona. Plaintiff's complaint, which is generally incomprehensible, alleges that defendant

"allowed proceedings in her court to go forward to an alleged default judgment without any proper

notice being given to Petitioner Martin Earl" and that defendant "falsely branded Martin Earl to be of

the character endorsing private credit from the Fed and subject to the capricious whims of her rulings."

<u>Libel Of Review</u> (Doc. #1) filed May 31, 2011 at 3. This matter is before the Court on <u>Defendant's</u>

<u>Motion To Dismiss</u> (Doc. #7) filed June 24, 2011 and plaintiff's <u>Motion For Default Judgment</u> (Doc. #9)

filed June 27, 2011. For the following reasons, the Court overrules plaintiff's motion for default

judgment and sustains defendant's motion to dismiss.

### Factual And Procedural Background

On May 31, 2011, plaintiff filed a complaint, which he titled a "Libel of Review," regarding a

common law counterclaim in admiralty, notice of lis pendens, a verified statement of right and God-

given unalienable rights in the original state under Article III of the Constitution. On May 31, 2011,

plaintiff served a summons on defendant by certified mail. On June 3, 2011, Debra S. Chapman signed

for the summons. On June 10, 2011, the summons was returned executed. On June 24, 2011, defendant

filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction, failure to state a claim and insufficient service of process. Defendant also argues that she has judicial immunity from this suit and that the Rooker-Feldman doctrine bars plaintiff's claims. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983).

On June 27, 2011, plaintiff filed a motion for default judgment. Plaintiff argues that because defendant did not respond to his complaint within 20 days of service of the summons, i.e. by June 23, 2011, he is entitled to default judgment.[1]

## **Analysis**

### I.    **Plaintiff's Motion For Default Judgment**

Rule 55, Fed. R. Civ. P., which governs default judgments in federal court, provides a two-step process for a party seeking default judgment. See Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995). First, the moving party must ask the clerk to enter default against the opposing party for failing to timely plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, following an entry of default by the clerk, the moving party may apply to the court for a default judgment. Fed. R. Civ. P. 55(b). Neither the Clerk nor the Court has entered default against defendant. Because plaintiff cannot proceed directly to default judgment, the Court construes his motion as one for entry of default rather than one for default judgment. See Life Ins. Co. of N. Am. v. Jenkins-Dyer, No. 08-2129-KHV, 2009 WL 297481, at *3 (D. Kan. Feb. 6, 2009).

Plaintiff argues that defendant failed to timely plead or otherwise defend because she did not respond to plaintiff's complaint within 20 days of service of the summons. Under Rule 12(a)(1)(A),

---

[1]    The summons provided that if defendant did not respond within 20 days, the Court could enter default judgment against her.

Fed. R. Civ. P., defendant was required to serve a responsive pleading "within 21 days after being served with the summons and complaint."[2]  Chapman signed for the summons on June 3, 2011 and defendant responded 21 days later, on June 24, 2011, by filing a motion to dismiss.  Because defendant timely responded to plaintiff's complaint, the Court overrules plaintiff's motion.  See Fed. R. Civ. P. 12(a)(1)(A); see also Fed. R. Civ. P. 6(a) (method of computing time).[3]

## II.     Defendant's Motion To Dismiss

On June 24, 2011, defendant moved to dismiss plaintiff's complaint for lack of personal jurisdiction, failure to state a claim and insufficient service of process.  Defendant also argues that she has judicial immunity from this suit and that the Rooker-Feldman doctrine bars plaintiff's claims.  Under D. Kan. Rule 6.1(d)(2), plaintiff was required to file and serve his response within 21 days, i.e by July 15, 2011.  Plaintiff has not responded to defendant's motion.  Under D. Kan. Rule 7.4(a), "[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum."  In addition, if a party fails to timely respond to a motion, the Court will treat the motion as uncontested and will ordinarily grant the motion without further notice.  D. Kan. Rule 7.4(b).[4]

---

[2]     Plaintiff asserts that the summons stated that defendant must respond to the complaint within 20 days, but he has not provided a copy of the summons or any other evidence to support his assertion.  Regardless, the Federal Rules of Civil Procedure dictate defendant's time for filing a responsive pleading.  See Fed. R. Civ. P. 12(a)(1).

[3]     A party has no duty to plead until properly served, and plaintiff must show sufficient service of process as a prerequisite to entry of default.  Defendant's motion to dismiss argues that plaintiff did not properly serve her, but she does not raise this defense in response to plaintiff's motion for default judgment.  See Petersen v. Carbon Cnty., 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. 1998).

[4]     Pro se litigants must follow the same procedural rules as litigants who are represented by counsel.  See Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).  Because plaintiff
(continued...)

For this reason and substantially the reasons stated in <u>Defendant's Memorandum In Support Of Motion To Dismiss</u> (Doc. #8) filed June 24, 2011, the Court sustains defendant's motion.  Specifically, the Court cannot discern any legally cognizable claim from plaintiff's complaint, much less a plausible claim for relief.  <u>See</u> Fed. R. Civ. P. 12(b)(6); <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007).  Therefore, the Court sustains defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion To Dismiss</u> (Doc. #7) filed June 24, 2011 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that plaintiff's <u>Motion For Default Judgment</u> (Doc. #9) filed June 27, 2011 be and hereby is **OVERRULED**.

Dated this 18th day of August, 2011 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4](...continued)
proceeds pro se, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir.1991). The Court does not, however, assume the role of advocate for a pro se litigant. <u>See</u> <u>id.</u>